UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN JAMES JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>M. TORRES, et al.,<br><br>    Defendants. | No. 1:15-cv-01395-DAD-SAB(PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING DEFENDANTS' MOTION TO DISMISS THE COMPLAINT |

Plaintiff Ryan James Johnson is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On June 22, 2016, the assigned magistrate judge filed findings and recommendations recommending that defendant's motion to dismiss the complaint, brought pursuant to Federal Rule of Civil Procedure 12(b)(6), be denied. (Doc. No. 17.) Those findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within thirty days. Defendants filed objections on July 21, 2016. (Doc. No. 18.)

In their objections, defendants argue only that plaintiff's claim of deliberate indifference is barred by the holdings in *Heck v. Humphrey*, 512 U.S. 477 (1984) and *Edwards v. Balisok*, 520 U.S. 641 (1997), also known as the "favorable termination" rule. Contrary to defendants' argument, it cannot be determined at this stage of the proceedings whether and what impact any

1  loss of credits will have on plaintiff's sentence. *See Nettles v. Grounds*, ___ F.3d ____, 2016 WL
2  4072465, at *9 (9th Cir. July 26, 2016) (finding that a prisoner's claim which, if successful,
3  would not necessarily lead to immediate or speedier release falls outside the "core of habeas
4  corpus" and that a § 1983 action was the proper vehicle by which to present such a claim).  Even
5  if plaintiff were to prevail on this claim against the defendants, it is not apparent that plaintiff's
6  Rules Violation Reports ("RVRs") would necessarily be overturned and any good time credits
7  restored.  *See Nettles*, 2016 WL 4072465, at *4-5 & n.4.  First, plaintiff's complaint does not state
8  a claim concerning whether the RVRs against him were proper under the Fourteenth Amendment,
9  nor does he claim to seek the reinstatement of any lost good time credits.  Rather, the undersigned
10 reads the complaint just as the magistrate judge did:  that is, it states a claim under the Eighth
11 Amendment against the defendants for deliberate indifference stemming from their compelling
12 plaintiff to perform work that caused him great pain.  The only relevance of the RVRs is to show
13 defendant Sekula was aware of plaintiff's difficulties, and did not act to intercede.

14      Second, due process challenges to the loss of good time credits are generally governed by
15 the "some evidence" standard, which requires only that there be "some evidence in the record" to
16 support the revocation of any good time credits.  *See Superintendent v. Hill*, 472 U.S. 445, 454–
17 55 (1985); *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987) (noting that the relevant question
18 was "whether there [was] *any* evidence in the record that *could* support the conclusion reached by
19 the disciplinary board") (quoting *Hill*).  Determining whether the defendants acted with deliberate
20 indifference to plaintiff's well-being is not necessarily the same as determining whether there was
21 "some evidence" to sustain the revocation of any of his good time credits.  The undersigned notes
22 a court could find both inquiries to be answered in the affirmative.  Since determining the former
23 does not necessarily determine the latter, this action falls outside the "core of habeas corpus"
24 under the recent Ninth Circuit decision in *Nettles* and , therefore, is not barred by the rule set out
25 in *Heck*.

26      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a
27 de novo review of this case.  Having carefully reviewed the entire file, including the objections
28 submitted by defendants, the court finds the findings and recommendations to be supported by the

record and by proper analysis.  Accordingly:

1. The findings and recommendations, filed on June 22, 2016 (Doc. No. 17), are adopted in full;

2. Defendants' motion to dismiss the complaint (Doc. No. 12) is denied; and

3. The matter is referred back to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   **September 6, 2016**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE